UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUMP MARKS LLC,

Plaintiff,

-against-

D.T. DRINKS, LLC, DRINKS AMERICAS HOLDINGS, LTD., DRINKS AMERICAS LTD., DRINKS AMERICAS INC. and J. PATRICK KENNY,

Defendants.

Index No. 11 Civ. 01741 (PKC)

**VERIFIED AMENDED COMPLAINT**

Plaintiff Trump Marks LLC ("Trump Marks" or "Plaintiff"), by and through its attorneys, Belkin Burden Wenig & Goldman, LLP, complaining of defendants D.T. Drinks, LLC ("DT Drinks"), Drinks Americas Holdings, Ltd. ("DAH"), Drinks Americas Ltd., ("DA Ltd."), Drinks Americas Inc. ("DA Inc.") and J. Patrick Kenny ("Kenny") (collectively, "Defendants") alleges as follows:

**THE PARTIES**

1. An at all relevant time set forth herein, Trump Marks was, and still is a limited liability company organized and existing pursuant to the laws of the State of Delaware.

2. At all relevant times set forth herein, the members of Trump Marks were, and still are Donald Trump and Trump Marks GP Corp.

3. At all relevant times set forth herein, Donald Trump was, and still is a citizen of the State of New York.

4. At all relevant times set forth herein, Trump Marks GP Corp. was, and still is a foreign corporation, organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 725 Fifth Avenue, New York, New York.

5. At all relevant times set forth herein, defendant D.T. Drinks, LLC, was, and still is a limited liability company organized and existing pursuant to the laws of the State of New York.

6. Upon information and belief, at all relevant times set forth herein, the sole member of D.T. Drinks was, and still is defendant J. Patrick Kenny, a citizen of the State of Connecticut.

7. At all relevant times herein, defendant Drinks Americas Holdings, Ltd., was, and still is a foreign corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 372 Danbury Road, Wilton, Connecticut.

8. Upon information and belief, at all relevant times herein, defendant Drinks Americas Ltd., was, and still is a foreign corporation, its state of incorporation not know to Plaintiff, with its principal place of business at 372 Danbury Road, Wilton, Connecticut. A copy of a search from the New York State Department of State database indicating that as June 22, 2011 it has no business entries for Drinks Americas Ltd. is annexed hereto as Exhibit 1.

9. At all relevant times herein, defendant Drinks Americas Inc., was, and still is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 372 Danbury Road, Wilton, Connecticut.

10. At all relevant times herein, defendant J. Patrick Kenny, was, and still is a citizen of the State of Connecticut, residing at 30 Old Wagon Road, Ridgefield, Connecticut.

11. Upon information and belief, at all times relevant herein, Kenny was, and still is the President and CEO of DA Inc.

12. Upon information and belief, at all times relevant herein, Kenny was, and still is the managing member and sole member of DT Drinks.

13. Upon information and belief, Kenny was, and still is, the Chairman and CEO of DAH.

14. Upon information and belief, at all times relevant herein, Kenny was, and still is an officer and director of DA Ltd.

## JURISDICTION AND VENUE

15. Trump Marks repeats, repleads and realleges each and every allegation contained in paragraphs 1 through 14 inclusive as if set forth at length herein.

16. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a).

17. Venue is proper in this Southern District of New York pursuant to 28 U.S.C. § 1391(a) and pursuant to paragraph 15 of the License Agreement, infra, which provides that, in any action arising out of or in connection with the License Agreement, venue is proper in a federal court located in the County and State of New York

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

18. Trump Marks repeats, repleads and realleges each and every allegation contained in paragraphs 1 through 17 inclusive as if set forth at length herein.

19. This action by Trump Marks, for breach of contract, an accounting and piercing the corporate veil, arises out of Defendants' failure to pay Trump Marks certain royalties and perform other obligations under the terms of a license agreement which Defendants made with Trump Marks on or about November 15, 2005 (the "License Agreement"). Unless otherwise noted, all defined terms referenced herein shall have the same meaning as in the License Agreement.

20. Paragraph 15 of the License Agreement provides that the License Agreement shall be governed in accordance with the laws of the State of New York and that all disputes shall be resolved by the federal and state courts in the City of New York.

21. Pursuant to Paragraph 3 of the License Agreement, DT Drinks was obligated to provide Trump Marks with Monthly Royalty Statements, Quarterly Royalty Statements and Annual Statements.

22. Paragraph 3 of the License Agreement also provides that DT Drinks was to make Royalty payments to Trump Marks on a monthly basis no later than fifteen (15) days following the expiration of each monthly and quarterly period.

23. Paragraph 2(b) of the License Agreement required the payment of Minimum Royalty Payments regardless of actual sales.

24. DT Drinks is required to maintain books and records relative to DT Drinks' obligations under the License Agreement.

25. DT Drinks has defaulted in the payment of Royalties.

26. Pursuant to Paragraph 9(a)(i) of the License Agreement, Trump Marks served upon DT Drinks a Notice of Default dated August 6, 2010.

27. Pursuant to Paragraph 9(b) of the License Agreement, Trump Marks served upon DT Drinks a Final Notice of Default and Termination dated November 11, 2010, terminating the License Agreement as of 5:00 p.m. on December 15, 2010.

28. Pursuant to Paragraph 3(h) of the License Agreement, upon termination of the License Agreement, all accrued Royalty obligations shall be accelerated and shall immediately become due and payable to Trump Marks together with a Royalty Statement covering the relevant period.

29. Paragraph 10 of the License Agreement captioned "POST TERMINATION RIGHTS" sets forth the obligations and responsibilities of DT Drinks following termination of the License Agreement.

30. In addition to violating its pre-termination obligations under the License Agreement, DT Drinks has failed and refused to comply with its post-termination obligations under the License Agreement.

31. As a result, Trump Marks is left with no choice but to commence this action.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(Breach of License Agreement)**

32. Trump Marks repeats, repleads and realleges each and every allegation contained in paragraphs 1 through 31 inclusive as if fully set forth at length herein.

33. Pursuant to the terms of the License Agreement, in exchange for the license of the "Trump" name and trademark, DT Drinks agreed to pay Trump Marks certain Royalties as more particularly set forth in the License Agreement.

34. In breach of the License Agreement, DT Drinks has failed and refused to pay Trump Marks all of the Royalties which have now come due.

35. DT Drinks has also breached its covenants in Paragraph 5(b)(i), by failing, among other things, to use its best efforts to promote, market, distribute and sell the Licensed Product and to make and maintain adequate arrangements for the manufacture, distribution and shipment of the Licensed Product.

36. DT Drinks has also breached its covenants in Paragraph 5(b)(vi), by failing, among other things, to expend monies on an annual basis as required to market, advertise and purchase promotional items of the Licensed Product.

37. DT Drinks has also breached its covenants in Paragraph 5(b)(viii), by failing, among other things, to manufacture sufficient quantities of the Licensed Product to meet demand and diligently and continuously distribute and offer for sale the Licensed Product to fulfill orders.

38. In addition to the foregoing, in breach of Paragraph 10 of the License Agreement, DT Drinks has failed to comply with its post-termination obligations under the License Agreement, which include, without limitation, providing Trump Marks with a

Termination Royalty Statement within ten (10) days of December 15, 2010, providing Trump Marks with a complete schedule of all inventory of the Licensed Product then on hand certified by the chief financial officer of DT Drinks, providing Trump Marks with a certificate by DT Drinks' Chief Executive Officer that all packaging, bottling and advertising materials have been destroyed and returning to Trump Marks all Property, which includes, without limitation, all artwork, color separations, prototypes and the like.

39. Based upon the foregoing, DT Drinks is indebted to Trump Marks in an amount to be determined at trial, but in no event less than the sum of $4,820,428.14 inclusive of interest as and through February 3, 2011.

**AS AND FOR A SECOND CLAIM FOR RELIEF**
**(Pierce the Corporate Veil)**

40. Trump Marks repeats, repleads and realleges each and every allegation contained in paragraphs 1 through 39 inclusive as if fully set forth at length herein.

41. Kenny is the managing member of DT Drinks and is the individual who executed the License Agreement.

42. Kenney is also the Chairman and CEO of DAH, the CEO of DA Inc. and an officer and director of DA Ltd.

43. At the time Kenny executed the License Agreement on behalf of DT Drinks, the entity did not exist.

44. DT Drinks, DA Ltd. and DA Inc. share the same corporate address, have the same corporate officers and directors and DAH has exclusive control, operation and management over DT Drinks, DAH, DA Ltd. and DA Inc.

45. Upon information and belief, DT Drinks did not maintain corporate formalities and shared corporate officers, accountants, banking, legal and financial professionals with DAH, DA Ltd. And DA Inc.

46. DAH has responded in writing on behalf of DT Drinks to all communications from Trump Marks regarding DT Drinks' defaults under the License Agreement.

47. On or about September 2, 2008, DAH, using an operating subsidiary called DA Inc., entered into an Exclusive Master Distribution Agreement ("2008 Distribution Agreement") with H. Pixel International Trade Ltd., an Israeli company, to distribute "Trump Vodka" in the State of Israel.

48. On or about December 2, 2009, DAH, using an operating subsidiary called DA Ltd., entered into a master distribution agreement ("2009 Distribution Agreement") with Pixel Trading Ltd. ("Pixel"), an Israeli company, to distribute "Trump Vodka" in the State of Israel.

49. In the 2008 and 2009 Distribution Agreements, DAH falsely represented that DAH "markets, produces and distributes (or designates the distribution of) premium beverages (including Trump Vodka)" when in fact only DT Drinks (not DAH) has the right to distribute "Trump Vodka" pursuant to the License Agreement.

50. Upon information and belief, DA Ltd., DA Inc. and DAH also allowed Pixel to use the "Trump" trademark to brand and distribute certain other products, including, without limitation, an energy drink.

51. Trump Marks never authorized DT Drinks, DAH, DA Inc. or DA Ltd. to enter into the 2008 or 2009 Distribution Agreements or use the "Trump" trademark in any manner.

52. Upon information and belief, DAH, DA Inc. and DA Ltd. benefited financially from its misuse of the "Trump" trademark.

53. DAH's 2008 SEC filings recite that DAH distributes "Trump Vodka" and that, in November 2005, DAH signed the License Agreement with Trump Marks to use the "Trump" name.

54. DAH's SEC filing recites that DAH had sales of $2,652,000.00 for the year ending April 30, 2008 which was 59% of the total dollar sales of DAH.

55. DAH's SEC filing says that DAH organized DT Drinks in May 2006. In fact, DT Drinks was organized in New York State on May 16, 2006, six (6) months **after** DT Drinks executed the License Agreement (in November 2005).

56. Because DT Drinks did not exist at the time Kenny executed the License Agreement, DAH and/or Kenny is responsible for the damages incurred by Trump Marks as alleged herein.

57. DAH held itself out to Trump Marks and multiple third parties as the entity representing and holding the license for "Trump Vodka". Communications were sent from DAH to the CEO of Walmart, TV production companies for "Trump Vodka" product placement, "Trump Vodka" launch events and press releases.

58. Accordingly, Trump Marks is entitled to an order piercing the corporate veil of DT Drinks and finding that DAH, DA Inc., DA Ltd. and Kenny are jointly and severally responsible to Trump Marks for all financial damages, obligations, terms and conditions to be performed and due and owing under the License Agreement.

**AS AND FOR A THIRD CLAIM FOR RELIEF**
**(Accounting and Turnover Order)**

59. Trump Marks repeats, repleads and realleges each and every allegation contained in paragraphs 1 through 58 inclusive as if set forth at length herein.

60. Defendants had a fiduciary and trust relationship to accurately keep and maintain records and accurately issue reports based upon those records pursuant to the License Agreement.

61. Defendants were entrusted with money pursuant to the License Agreement.

62. Defendants have acknowledged they breached their fiduciary and trust relationship and that monies are owed to Trump Marks.

63. Unless and until there is a full accounting for all income and expenses of Defendants, Trump Marks is unable to accurately verify the full extent of its damages.

64. By reason of the foregoing, Trump Marks is entitled to a full accounting of Defendants' income, dividends, bonuses, expenses, benefits and other profits and monies Defendants took for their own benefit, to the detriment of Trump Marks and Defendants shall make available all books and records as needed by Trump Marks and turn over to Trump Marks the schedule of all inventory, a certificate by DT Drinks' Chief Executive Officer that all packaging, bottling and advertising materials have been destroyed and turn over all Trump Marks' Property which includes all artwork, color separations, prototypes and the like.

**WHEREFORE,** plaintiff Trump Marks LLC respectfully demands judgment as follows:

a. On the First Claim for Relief, judgment that D.T., LLC breached the License Agreement and is therefore liable to Trump Marks for monetary damages in an amount to be determined at trial, but in no event less than $4,820,428.14 as of February 3, 2011, together with interest at ten (10%) percent thereon; and

b. On the Second Claim for Relief, a judgment piercing the corporate veil and finding that defendants Drinks Americas Holdings, Ltd., Drinks Americas Inc., Drinks Americas, Ltd. and/or defendant J. Patrick Kenney are the alter

ego of defendant D.T. Drinks, LLC and are therefore jointly and severally liable to plaintiff Trump Marks LLC for monetary damages in an amount to be determined at trial, but in no event less than $4,820,428.14 as of February 3, 2011, together with interest at ten (10%) percent thereon and directing that Defendants comply with all terms, conditions and obligations of D.T. Drinks, LLC under the License Agreement including, without limitation, relief requested in the third cause of action; and

c. On the Third Claim for Relief, a judgment for an accounting and turnover order against Defendants; and

d. Such other and equitable relief as the Court deems just and proper.

Dated: New York, New York
July 5, 2011

Respectfully submitted,

BELKIN BURDEN WENIG & GOLDMAN LLP
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10017
212-867-4466

By: ______________________
Jeffrey L. Goldman

**VERIFICATION**

STATE OF NEW YORK )
: ss:
COUNTY OF NEW YORK )

**DONALD J. TRUMP,** being duly sworn, deposes and says:

1. Deponent is a member of Trump Marks LLC, a Delaware limited liability company authorized to do business in the State of New York, plaintiff in the within action.

2. Deponent has read the foregoing Amended Complaint and knows the content thereof; and the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, deponent believes them to be true.

3. This Verification is made by deponent because Trump Marks LLC is a limited liability company and deponent is a member thereof.

DONALD J. TRUMP

Sworn to before me this
5th day of July, 2011.

Notary Public

ALAN GARTEN
Notary Public, State of New York
No. 02GA6021578
Qualified in Nassau County
Commission Expires on March 15, 2015



WRIFKIN/2453.0864/749000

**Exhibit 1**

# NYS Department of State

## Division of Corporations

### Informational Message

The information contained in this database is current through June 22, 2011.

---

No business entities were found for Drinks Americas Ltd.

Please refine your search criteria.

To continue please do the following:

Tab to Ok and press the Enter key or Click Ok.

Ok

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us